# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

# HUNTINGTON DIVISION

**JAMES LLOYD GRUBB**,

    **Plaintiff,**

v.                                                       Case No. 3:18-cv-00396

**LT. MORRISON;**
**C.O. SGT. PRINGLE;**
**C.O. TRANSPORTATION JARVIS,**

    **Defendants.**

## PROPOSED FINDINGS AND RECOMMENDATIONS

Plaintiff, James Lloyd Grubb ("Grubb"), filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983, (ECF No. 2) related to the loss of his personal property at the Western Regional Jail in Barboursville, West Virginia. Currently pending before the Court are Grubb's Application to Proceed Without Prepayment of Fees and Costs, (ECF No. 1), and the initial screening of his complaint. This matter is assigned to the Honorable Robert C. Chambers, United States District Judge, and is referred to the undersigned United States Magistrate Judge for total pretrial management and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, the undersigned **RECOMMENDS** that the presiding District Judge **DENY** the Application to Proceed Without Prepayment of Fees and Costs; **DISMISS** the complaint, with prejudice, as it fails to state a claim in this Court for which relief may be granted; and **REMOVE** this civil action from the docket

1

of the Court.

## I. Introduction

On July 31, 2017, Grubb was booked in the Western Regional Jail. He brought with him certain personal property; including a new pair of shoes, pants, boxers, a cell phone, and a wallet containing various pieces of personal identification. A few months later, Grubb was transferred to another facility, but was told to leave his belongings at the Western Regional Jail, because he would be returning. When Grubb returned, he learned that his property had been moved and was now lost. Grubb filed several grievances seeking the return of his property, but was told that his property could not be located, and he would have to take legal action for reimbursement. Grubb holds the named defendants responsible for his lost property, because (1) Lt. Morrison was the jail official in charge; (2) Sgt. Pringle informed Grubb that his property was lost; and (3) Transport Officer Jarvis instructed Grubb to leave his belongings at the Western Regional Jail when he was moved to another facility.

## II. Standard of Review

Under the provisions of 28 U.S.C. § 1915(e)(2), when an individual seeks to prosecute a complaint *in forma pauperis*, the court must screen the pleading and dismiss it, or any part of it, if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant "who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A "frivolous" case has been defined as one which is based upon an indisputably meritless legal theory, *Anders v. California*, 386 U.S. 738, 744 (1967), or lacks "an arguable basis either in law or fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989); *Denton v. Hernandez,* 504 U.S. 25 (1992). Likewise, a complaint fails to state a compensable claim, and therefore should be dismissed, when

viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007).

The United States Supreme Court further clarified the "plausibility" standard in *Ashcroft v. Iqbal,* 556 U.S. 662, 678-79 (2009), stating that the court is required to accept as true the factual allegations asserted in a complaint, but is not required to accept the legitimacy of legal conclusions that are "couched as . . . factual allegation[s]." *Id.* at 678 (quoting *Bell Atlantic* Corp, 550 U.S. at 554). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679.

Grubb has filed his complaint *pro se*, and courts are required to liberally construe *pro se* complaints. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007). However, even under this less stringent standard, the complaint still must contain sufficient factual allegations to support a valid legal cause of action. *Bass v. E.I. Dupont de Nemours & Co.,* 324 F.3d 761, 765 (4th Cir. 2003). The court may not rewrite the pleading to include claims that were never presented, *Parker v. Champion*, 148 F.3d 1219, 1222 (10th Cir. 1998), construct the plaintiff's legal arguments for him, *Small v. Endicott,* 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. Discussion

Grubb filed suit pursuant to 42 U.S.C. § 1983. Section 1983 provides a remedy to

3

parties who are deprived of federally protected civil rights by persons acting under color of any State "law, statute, ordinance, regulation, custom, or usage." Congress enacted § 1983 "to enforce provisions of the Fourteenth Amendment against those who carry a badge of authority of a State and represent it in some capacity, whether they act in accordance with their authority or misuse it." *Monroe v. Pape,* 365 U.S. 167, 171-172 (1961). In order to assert a *prima facie* cause of action under § 1983, a plaintiff must show that: (1) a person (the defendant) deprived the plaintiff of a federally protected civil right, privilege or immunity, and (2) that the defendant did so under color of State law. *Perrin v. Nicholson*, C/A No. 9:10-1111-HFF-BM, 2010 WL 3893792 (D.S.C. Sept. 8, 2010); *see, also, American Mfr. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50-52 (1999).

The Due Process Clause of the Fourteenth Amendment provides that no State shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV. To the extent Grubb asserts a due process claim related to the loss of his property, his claim must fail. Negligent acts cannot give rise to a constitutional deprivation. *Daniels v. Williams,* 474 U.S. 327, 328 (1986), ("[T]he Due Process Clause is simply not implicated by a *negligent* act of an official causing unintended loss of or injury to life, liberty, or property."); *Nwaokocha v. Sadowski*, 369 F. Supp. 2d 362, 370 (E.D.N.Y. 2005) (holding that "negligently misplacing an inmate's property does not establish a denial of due process.). Grubb includes no facts in the complaint to suggest that Morrison, Pringle, or Jarvis intentionally destroyed or disposed of Grubb's personal belongings. Accordingly, he fails to state a claim of constitutional proportion.

Nonetheless, even if the defendants had intentionally caused the loss or destruction of Grubb's property, he cannot maintain a due process claim when meaningful post-deprivation procedures are in place. *Hudson v. Palmer*, 468 U.S. 517,

4

533 (1984) ("Accordingly, we hold that an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available."); *and Parratt v. Taylor,* 451 U.S. 527, 541–44 (1981), *overruled in part by Daniels v. Williams,* 474 U.S. 327, 330–31 (1986). The ability to file state court claims for conversion and the availability of grievance processes have been held to constitute meaningful post-deprivation remedies. *See Kidd v. Bradley*, 578 F. Supp. 275, 276–77 (N.D.W. Va. 1984). As explained in *Kidd*:

> Under the common law of West Virginia, "[t]he tortious or unlawful taking of personal property, and the exercise of ownership and dominion over it, against the consent of the owner is ... a conversion of the property for which ... [a cause of action] will lie." The common law likewise recognizes a cause of action for the negligent deprivation of, or injury to, one's personal property rights. Inasmuch as these common law actions provide the Plaintiff at bar with an adequate post-deprivation remedy, the Court finds that the Plaintiff has not stated a cause of action under Section 1983.

*Id.* (citations omitted); *see, also, Goodman v. Ramey*, No. CIV.A. 2:12-0439, 2012 WL 5966642, at *4 (S.D.W. Va. Nov. 29, 2012) (holding that an inmate failed to state a constitutional claim for the loss of his property when he could have challenged the taking "in a garden-variety tort claim in state court."); *Whitehead v. Beard*, No. CIV.A. 04-CV-1853, 2006 WL 891053, at *8 (E.D. Pa. Mar. 30, 2006) ("The Third Circuit has held that the DOC's prison grievance procedure provides an adequate post-deprivation of property remedy."); *and Cooper v. Wright*, No. 7:15CV00572, 2016 WL 7165994, at *4 (W.D. Va. Dec. 6, 2016) (holding that prisoner failed to demonstrate that post-deprivation remedies were not available when grievance procedures addressed the issue).

Put simply, Grubb's complaint about the loss of his personal property is not

5

correctly filed in federal court, because he has available and adequate state court remedies. For example, Grubb may institute a suit for conversion against one or more of the defendants in a Cabell County court, or he may again pursue remedies through the West Virginia Regional Jail and Correctional Facility Authority. Consequently, with those remedies available to him, the undersigned **FINDS** that Grubb fails to state a claim in this Court for which relief may be granted.

### IV.    Proposal and Recommendations

For the reasons set forth above, the undersigned respectfully **PROPOSES** that the United States District Judge accept and adopt the proposed findings and **RECOMMENDS** that Plaintiff's Complaint, (ECF No. 2) be **DISMISSED, with prejudice;** that the Application to Proceed Without Prepayment of Fees and Costs be **DENIED,** as moot, (ECF No. 1); and this civil action be removed from the docket of the Court.

Plaintiff is notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Plaintiff shall have fourteen days (filing of objections) and three additional days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding district judge for good cause shown. Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver

of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Judge Chambers and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to the Plaintiff.

**FILED:** August 2, 2018

_____
Cheryl A. Eifert
United States Magistrate Judge